**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mowana Pruett, | No. CV-23-02124-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Mowana Pruett seeks review of the Social Security Commissioner's final decision denying her disability insurance benefits. Because the Administrative Law Judge's ("ALJ's") decision is supported by substantial evidence and is not based on harmful legal error, it is affirmed.

**I.    Background**

Pruett protectively filed an application for disability insurance benefits on July 23, 2020, and for disabled widow's benefits on July 29, 2020.[1] (Administrative Record ("AR") 35.) The ALJ determined her severe impairments were cervicalgia and degenerative disc disease of the lumbar spine. (AR 38.) Pruett does not allege she had any other severe impairments. (*See* Docs. 11, 14.)[2]

The ALJ denied Pruett's claim (AR 48) and the appeals council denied her request for review. (AR 1.) Pruett then appealed to this court.

---

[1] Pruett concedes that she is not raising a claim as to the disabled widow's benefits decision here. (*See* Doc. 11 at 2.)
[2] Pruett's opening brief does not contain an ECF-generated header, so citations to her opening brief are to that document's internal pagination.

## II. Legal Standard

The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance" of evidence and is such that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). The court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III. Discussion

### A. The ALJ's Five-Step Disability Evaluation Process

Under the Social Security Act, a claimant for disability insurance benefits must establish disability prior to the date last insured. 42 U.S.C. § 423(c); 20 C.F.R. § 404.131. A claimant is disabled under the Act if she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment that has lasted, or can be expected to last, for a continuous period of twelve months or more. 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A).

Whether a claimant is disabled is determined by a five-step sequential process. *See Woods v. Kijakazi*, 32 F.4th 785, 787 n.1 (9th Cir. 2022) (summarizing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At step three, the claimant must show that her impairment or combination of impairments meets or equals the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). At step four, the claimant must show her residual functional capacity ("RFC")—the most she can do with her impairments—precludes her from performing her past work. *Id.* at § 404.1520(a)(4)(iv). If the claimant meets her burden at step three, she is presumed disabled and the analysis ends. If the inquiry proceeds and the claimant meets her burden at step four, then at step five the Commissioner must determine if the claimant is able to perform other work that "exists in

significant numbers in the national economy" given the claimant's RFC, age, education, and work experience. *Id.* at § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.*

Here, at step three the ALJ determined Pruett had the RFC to perform "light work" with additional limitations given her impairments. (AR 41.) The ALJ used this RFC to conclude at step four that Pruett could perform her past relevant work as a waitress which "does not require the performance of work-related activities precluded by" her RFC. (AR 47.) These conclusions were based, in part, on the ALJ discounting some of Pruett's symptom testimony. (*See* AR 765–779.) Pruett only argues that the ALJ failed to articulate clear and convincing reasons to find her testimony about the intensity, persistence, and limiting effects of her symptoms unpersuasive. According to Pruett, properly accounting for her symptom testimony would result in an RFC limiting her to sedentary jobs rather than jobs requiring light exertion, thereby also calling into question the ALJ's step-four finding.[3] (Doc. 11 at 3.)

## B. Pruett's Symptom Testimony

The ALJ stated he gave "reasonable consideration" to Pruett's symptom testimony and determined her impairments "could reasonably be expected to cause [her] alleged symptoms," but found her statements about their "intensity, persistence, and limiting effects . . . not entirely consistent with the medical evidence and other evidence in the record." (AR 47.) Pruett contends the ALJ improperly relied on her daily activities, her alleged pain relief from medication, and the objective medical evidence as reasons to discredit her symptom testimony. (Docs. 11 at 6–8, 14 at 3–4.)

When a claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to cause the severity of the symptoms alleged and there is no evidence of malingering, an ALJ may only reject subjective symptom-severity testimony by offering "specific, clear and convincing reasons for doing so." *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017) (quoting *Garrison v. Colvin*,

---

[3] The Commissioner says Pruett argued in her opening brief that "the ALJ should have found [she was] limited to less than sedentary work as opposed to less than light work." (Doc. 13 at 2.) Pruett clarifies in her reply brief that she is arguing she is limited to sedentary work. (Doc. 14 at 1.)

- 3 -

759 F.3d 995, 1014–15 (9th Cir. 2014)). Such findings are sufficiently specific when they permit a reviewing court to conclude the ALJ "did not arbitrarily discredit [a] claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (simplified), *superseded on other grounds by* 20 C.F.R § 404.1502(a). The ALJ did not find that Pruett was malingering. So, the ALJ could only discredit her symptom testimony by providing "specific, clear and convincing" reasons for doing so. *Revels*, 874 F.3d at 655.

Contradictions between a claimant's symptom testimony and her daily activities provide a valid ground for discounting her symptom testimony. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment"), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). But in considering daily activities to discount a claimant's symptom testimony, the ALJ must conduct a "transferability" and "substantiality" analysis. That analysis requires an ALJ consider whether a claimant is able to spend a "*substantial* part" of her day "engaged in pursuits involving the performance of physical functions that are *transferable* to a work setting." *Id.* (citation omitted) (emphases added). The ALJ did not conduct such an analysis here. (*See* AR 38–48.)

Not only did the ALJ not conduct a "transferability" and "substantiality" analysis, but he also did not sufficiently identify inconsistencies between Pruett's daily activities and her testimony. (*See* AR 41–47.) Pruett argues "her activities of daily living are consistent across her description to the consultative examiner (AR 1470–71), in her function reports (AR 1121–29), and in her hearing testimony (AR 768–74)." (Doc. 11 at 7.) In discounting Pruett's symptom testimony, the ALJ considered Pruett's ability to live alone, drive, take care of her mother (who suffered a stroke two years prior to Pruett's alleged onset date), care for a dog, attend to her own personal care needs, prepare meals, do housework, and walk 45 minutes without needing rest. (AR 42, 45.) But the ALJ merely listed those daily activities without discussing how they were inconsistent with any of Pruett's testimony or whether those activities constituted a "substantial" part of her day or

were "transferable" to a work setting. (*See* AR 42.)

Pruett is right that an ALJ "may not arbitrarily list activities without explaining why the activities listed are either equivalent to [support] full-time employment or are inconsistent with the claimant's allegations" as the ALJ did here. (Doc. 14 at 3 (citing *Garrison*, 759 F.3d at 1016).) And, as Pruett points out, the Commissioner does not meaningfully respond to these arguments or specify where the ALJ conducted the required daily activities analysis. (*See* Docs. 11 at 6–7, 13 at 5, 14 at 3.) For these reasons, it was legal error for the ALJ to use evidence of Pruett's daily activities to discount her symptom testimony. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) (holding that because the ALJ did not explain inconsistencies between the claimant's daily activities and symptom testimony, the daily activities were "not a specific, clear, and convincing reason" to discount the testimony).

The ALJ, however, also used objective medical evidence and evidence of Pruett's pain management to discount her symptom testimony, making any error on the daily-activities front harmless. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (simplified) (an ALJ's error is harmless when it is "inconsequential to the ultimate nondisability determination."). He cited medical records at length to support his nondisability determination and to discount Pruett's symptom testimony (*see* AR 42–47), far exceeding the "mere scintilla" required by the substantial evidence standard. *Orn*, 495 F.3d at 630. Pruett cites purportedly contrary medical records, but the relevance of those records is not obvious and even if they could support a disability determination, that is not the standard here. Rather, if "the evidence [in the record] is susceptible to more than one rational interpretation" the court "will uphold the ALJ's conclusion." *Tommasetti*, 533 F.3d at 1039.

Seemingly challenging the ALJ's reliance on objective medical evidence, Pruett faults the ALJ for not "find[ing] any of the opinions of record completely convincing." (Doc. 11 at 7.) But the ALJ did find one doctor's opinion "persuasive" and others "partially persuasive" (AR 45–47) and Pruett cites no cases holding an ALJ must find at least one

medical opinion completely persuasive to support a nondisability finding. The ALJ properly weighed the objective medical evidence against Pruett's symptom testimony and Pruett does not persuasively argue otherwise.

Pruett argues the ALJ improperly considered her pain relief in response to medication. (Doc. 14 at 2–3.) The ALJ "considered that treatment was effective at controlling" Pruett's pain in part because she got "good pain relief with medication." (Doc. 13 at 4–5 (citing AR 42–45, 1128, 1279, 1288, 1293, 1343, 1350, 1406–07, 1508, 1532–33).) The effectiveness of treatment is indeed an important consideration when weighing a claimant's allegations. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv); 404.1529(c)(4); 416.929(c)(3)(iv); 416.929(c)(4); SSR 16-3p, available at 2017 WL 5180304, at *8. "But to reject a claimant's testimony, it is not enough for the ALJ to show that the pain was responsive to treatment; the ALJ must show that the pain was 'controlled,' i.e., no longer debilitating." *Lopez v. Colvin*, 194 F. Supp. 3d 903, 911 (D. Ariz. 2016) (quoting *Warre v. Comm'r of Soc. Sec.*, 439 F.3d 1001, 1006) (9th Cir. 2016)).

Pruett's argument fails because the ALJ did conclude her pain was controlled. (AR 38 (Pruett's "impairments are controlled by compliant use of medication and ongoing medical management"); AR 42 (Pruett "reported substantial pain control from her medications allowing her to engage in her activities of daily living"); AR 44 (even "her back pain was well controlled" by medication).) Because the ALJ did "show that [Pruett's] pain was 'controlled,'" he did not err by considering her pain management as a reason for discounting her symptom testimony. *Id.*

Although the ALJ erred in using Pruett's daily activities in the testimony rejection analysis, the error was harmless because the discrediting was otherwise supported by the objective medical evidence and Pruett's pain relief from medication. Those respective analyses provided "specific, clear and convincing reasons" for discrediting Pruett's symptom testimony and were also sufficiently specific to conclude the ALJ "did not arbitrarily discredit" her testimony. *Revels*, 874 F.3d at 655 (quoting *Garrison*, 759 F.3d at 1014–15); *Tommasetti*, 533 F.3d at 1039. Thus, the ALJ's decision to discredit Pruett's

testimony was supported by substantial evidence. *See Marsh*, 792 F.3d at 1173.

**IV.   Conclusion**

Pruett's contention that it was error for the ALJ to discount her symptom testimony fails. The ALJ's decision is supported by substantial evidence and is not based on harmful legal error, so it is affirmed.

**IT IS ORDERED** affirming the August 18, 2022, decision of the ALJ.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 3rd day of January, 2025.

Honorable Krissa M. Lanham
United States District Judge

- 7 -